UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**LOUIS C. BROOKS, JR.**                                                                 **PETITIONER**
**#25620-075**

V.                       No. 2:23-CV-00065-JM-ERE

**JOHN P. YATES, Warden, FCI – Forrest City, Arkansas**[1]      **RESPONDENT**

### RECOMMENDED DISPOSITION

This Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

**I.    Introduction**

On March 21, 2023, Louis Brooks, an inmate at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"), filed a 28 U.S.C. § 2241 petition

---

[1] Because Mr. Brooks is incarcerated at FCI – Forrest City, Arkansas, the proper Respondent is "C. Edge, Acting Warden FCI – Forrest City, Arkansas." *See* 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner] and by virtue of what claim or authority").

Accordingly, the Clerk of the Court is directed to change Respondent to "C. Edge, Acting Warden FCI – Forrest City, Arkansas."

1

for a writ of habeas corpus (*Doc. 1*), alleging that the Bureau of Prisons ("BOP") erroneously requires inmates to be classified as low or minimum recidivism risks before receiving earned credits toward their sentence under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3632(d)(4)). *Doc. 1 at 1*.

For the reasons explained below, the undersigned recommends that Mr. Brooks' habeas petition be dismissed, without prejudice, based on his failure to exhaust his administrative remedies.

**II.     Background**

On August 7, 2018, Mr. Brooks pleaded guilty to possession with intent to distribute cocaine in a school zone in the United States District Court for Middle District of Tennessee. *United States v. Brooks*, No. 3:18-cr-00046, *Docs. 39-40* (M.D. Tenn. Aug. 7, 2018). On January 14, 2019, he was sentenced to 96 months in prison, followed by six years of supervised release. *Id. at Docs. 55, 57.*

Mr. Brooks' § 2241 habeas petition alleges that the "BOP has chosen their own way of applying time credits [under the FSA] by only allowing inmates who are deemed or scored as a low or minimum recidivism risk" to receive credits. *Doc. 1 at 1*. Because Mr. Brooks is considered a high recidivism risk, he has not received any credits toward time "in pre-release custody or supervised release." *Id. at 2*.

Respondent explains that: (1) Mr. Brooks has "not filed *any* administrative remedy requests"; and (2) Mr. Brooks' claim is meritless. *Doc. 5 at 6, 7 (emphasis in original).*

On May 23, 2023, Mr. Brooks filed a reply claiming that, twice, he placed an informal resolution under his case manager's door, but never heard back from the BOP. *Doc. 7 at 1-2.* "Frustrated with these roadblocks, [he] gave up, not knowing what to do . . . ." *Id. at 2.* Mr. Brooks also attaches three emails to his reply regarding his request for FSA time credits. *Id. at 4-6.*

For the reasons explained below, Mr. Brooks' habeas petition should be dismissed for failure to exhaust his administrative remedies.

## III.   Discussion

### A.   Exhaustion of Administrative Remedies

A federal inmate must normally exhaust his administrative remedies *before* seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). This judicially created exhaustion requirement is not mandated by statute or a jurisdictional prerequisite, see *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007), but its fulfillment promotes several purposes:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. *See* 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

In his reply, Mr. Brooks asserts that he twice put a form under the case manager's door but never heard back. Although Mr. Brooks attaches three emails to his reply, the emails are dated *after* he filed this case.  As such, the emails can't have any bearing on whether Mr. Brooks fully exhausted his administrative remedies before filing this case. In conclusion, Mr. Brooks does not contend or offer any evidence to show that he ever attempted to complete the BOP's established four-step administrative process.

4

Exhaustion serves a vital role, especially in this context. "[T]he BOP must first be given an opportunity to apply its expertise and to correct, if necessary, any mistakes it has made with regard to failing to [properly calculate and apply] FSA time credits . . . ." *Wofford v. Spaulding*, No. 4:22-CV-01862, 2023 WL 2486590, at *2 (M.D. Pa. Feb. 10, 2023).

Under 28 C.F.R. §§ 542.10-542.16, a prisoner may request an "administrative review of the computation of their credits," but only "after properly exhausting these administrative remedies, [can] an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241." *Id.* (emphasis added).

If an inmate could proceed to court before allowing the BOP to address the time credit issue, the authority the FSA expressly provides to the BOP would be usurped and the Court would be left to determine, in the first instance, an issue within the BOP's unique purview. See *Bartlett v. U.S. Dept of Agric.*, 716 F.3d 464, 474 (8th Cir. 2013) ("Requiring exhaustion in cases that call for agency expertise prevents premature interference with agency processes," gives the agency "an opportunity to correct its own errors," allows all involved to benefit from the agency's expertise and provides a complete record "adequate for judicial review.") (cleaned up)).

Because Mr. Brooks did not exhaust his administrative remedies, his petition should be dismissed, without prejudice.

### B. Mr. Brooks' Claim Appears to Have No Merit

Even if Mr. Brooks had properly exhausted his administrative remedies, his claim appears to be meritless.[2]

A federal prisoner's pre-release placement occurs at the latter stages of a sentence when he or she, if eligible, prepares for reintegration to society through custody in home confinement or a residential reentry center, also known as a community correctional facility. The FSA created an earned time credit program to assist prisoners in the reintegration process. Eligible prisoners can earn ten days of time credits for every thirty days of successful participation in evidence-based recidivism reduction ("EBRR") programming or productive activities ("PAs"). 18 U.S.C. § 3632(d)(4)(A)(i). Additionally, "[a] prisoner determined by the [BOP] to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]." 18 U.S.C. § 3632(d)(4)(A)(ii).

Regarding the "Application of time credits toward prerelease custody or supervised release," the statute specifically sets out that the BOP "shall transfer eligible prisoners, *as determined under section 3624(g)*, into

---

[2] Due to his failure to exhaust, the Court does not actually reach the merits of Mr. Brooks' claim.

prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C) (emphasis added). Section 3624(g) provides, among other things, that to be placed in prerelease custody or supervised release, "the prisoner [must have] been determined under the System to be a *minimum or low risk* to recidivate pursuant to the last 2 reassessment of the prisoner." 18 U.S.C. § 3624(g)(1)(D)(i)(I), (ii) (emphasis added). Alternatively, a prisoner who is otherwise ineligible for time credits due to his recidivism score may seek the warden's approval of a petition to transfer into prerelease custody or supervised release. 18 U.S.C. § 3624(g)(1)(D)(i)(II).

Contrary to Mr. Brooks' argument, the FSA specifically requires the BOP's reliance on minimum or low recidivism when considering whether a prisoner is entitled to earned time credits. As set out in the FSA, prisoners with higher recidivism rates, like Mr. Brooks, must obtain warden approval to secure earlier transfer to prerelease custody or supervised release.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Louis Brooks' petition for writ of habeas corpus (*Doc. 1*) be dismissed, without prejudice.

Dated 31 May 2023.

_____
UNITED STATES MAGISTRATE JUDGE